*1372 OPINION.
Littleton:
In.the opinion of the Board, the evidence in this case shows quite clearly that the acquisition of the 216 shares of stock by the petitioner was a gift and not compensation for services rendered.
The Commissioner relies on the case of Noel v. Parrott (C. C. A., Fourth Circuit), 15 Fed. (2d) 669, sustaining the United States Board of Tax Appeals in the Appeal of John H. Parrott, 1 B. T. A. 1, and also in the Appeal of Ira A. Kip, Jr., 3 B. T. A. 50, but in the opinion of the Board the facts in these cases are not similar to those in the instant case. The facts of the instant case do not bring it within the principle or rule laid down in the cases cited by the Commissioner.
There was never any charge made by petitioner for any information or counsel he gave or any service he rendered the Bruners or either of them, nor was there any promise made or any assurance, express or implied, given him that he would be paid or compensated for what he did for them. The 216 shares of stock issued to petitioner were an absolute gift, which was made or prompted by the feeling of moral obligation and high sense of appreciation on John *1373 W. Bruner’s part, for the kind and valuable services rendered.him and his son by a genuine friend.
The fact that petitioner’s friendship, suggestions, and services were beneficial to the Bruners does not convert what was clearly a bona -fide gift to petitioner into compensation ’ for such' services so Hs to, make the amount of the gift income, taxable under the. statute.
The 216 shares of stock received by petitioner being an absolute gift, it is immaterial what, if any, market value they had when received by petitioner.
The Commissioner was in error in holding that the 216 shares of stock received by petitioner were given him .as compensation for services rendered and the deficiency so determined by the Commissioner is accordingly disallowed.

Judgment will he entered on 15 days’ notice,, under Rule 50.